IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                          19-CR-89-A

JACOB TUNISON,

Defendant.



## PLEA AGREEMENT

The defendant, JACOB TUNISON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (receipt of child pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victim as determined by the Court, not to exceed $250,000. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

4.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

5.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:   where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.      ELEMENTS AND FACTUAL BASIS

6.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.      The defendant knowingly received a visual depiction;

b.      The visual depiction had been shipped or transported using any means or facility of interstate or foreign commerce, or had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

c.      The visual depiction was child pornography, as defined in Title 18, United States Code, Section 2256(8); and

3

d.      The defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.


## FACTUAL BASIS

7.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.      In November 2018, the defendant, JACOB TUNISON, was a 29-year old man and Victim 1 was a 13-year old girl, both residing in the Western District of New York. Both persons had accounts on Facebook, a social media platform, with which they exchanged electronic communications.

b.      On November 24, 2018, the defendant and Victim 1 used Facebook messages to arrange to meet in Olean, New York. They did meet, whereupon the defendant gave to Victim 1 a cellular telephone to continue their communications.

c.      The defendant knew that Victim 1 was a minor. While Victim 1 was waiting for the defendant to arrive at her location in Olean, the defendant wrote to her the following messages, among others:

i.      Its just gonna be a quick hug, kiss, and hand you the phone.
ii.     I don't want your grandparents seeing me.
iii.    Do you realise how much trouble I can get in?
iv.     But I don't look like a teenager.
v.      And the main thing I'm worried about is running into someone that knows me.

d.      Subsequent to the Olean meet, still on November 24, 2018, the defendant asked Victim 1, "So you can choose to go live with your mom on your birthday right?"  Victim 1 responded, "My 16th.  I might live with my grandparents tho."  The defendant replied, "Damn I thought you could next yr."  Victim 1 wrote, "No sorry babe."  This exchange indicates that the defendant knew Victim 1 to be under 16 years of age.

e.      Later on November 24, 2018, after Victim 1 made a comment about "kids," the defendant wrote, "don't say it like that. . . Makes me think of you like a kid."  Victim 1 responded, "I'm sorry but it's kinda true."  The defendant replied, "Ya I know."

f.      On November 25, 2018, the defendant messaged Victim 1 to take photographs of herself to send to him. Among those messages were the following instructions:

      i.      Make me cum baby.
      ii.     Lemme see more of your sexy ass.
      iii.    Take your shirt off and do another side shot.
      iv.    Take your bra off.
      v.     Let me see that pussy.
      vi.    Spread the lips amd lemme see inside.

g.      Victim 1 complied with the defendant's instructions and sent to him the requested sexually explicit images of herself. These images constituted child pornography as defined in 18 U.S.C. § 2256(8).

## III.  SENTENCING GUIDELINES

8.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

9.      Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2251(a).

## BASE OFFENSE LEVEL

10.     The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11.     The government and the defendant agree that the following specific offense characteristics do apply:

    a.    the 2 level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years]; and

    b.    the 2 level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) [the offense involved use of a computer].

12.     The government maintains that the following specific offense characteristic does apply:  the 2 level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved sexual contact].  The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

13.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 38, if the government's calculations apply, and 36, if the defendant's calculations apply.

## ACCEPTANCE OF RESPONSIBILITY

14.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level

decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 35, if the government's calculations apply, and 33, if the defendant's calculations apply.

## CRIMINAL HISTORY CATEGORY

15.     It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16.     It is the understanding of the government and the defendant that:

a.     If the government's calculations apply, with a total offense level of 35 and criminal history category of III, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 210 to 240 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years.

b.     If the defendant's calculations apply, with a total offense level of 33 and criminal history category of III, the defendant's sentencing range would be a term of imprisonment of 168 to 210 months, a fine of $35,000 to $250,000, and a period of supervised release of 5 years.

c.     Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

17.    The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

18.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.    STATUTE OF LIMITATIONS

19.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  REMOVAL

20.   The defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.  GOVERNMENT RIGHTS AND OBLIGATIONS

21.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

22.   At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 19-mj-5011-MJR.

23.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

24.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

25.     The defendant understands that, pursuant to this plea agreement, the government has agreed not to charge the defendant with violations of: Title 18, United States Code, Section 2251(a) (production of child pornography), for which the minimum term of imprisonment is 15 years, and the maximum possible penalty is a term of imprisonment of 30 years on each count; and Title 18, United States Code, Section 2252A(a)(5) (possession of child pornography), for which the maximum possible penalty is a term of imprisonment of 20 years on each count.

26.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

10

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16(b), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.    TOTAL AGREEMENT AND AFFIRMATIONS

28.    This plea agreement represents the total agreement between the defendant, JACOB TUNISON, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:    _____

WEI XIANG
Assistant United States Attorney

Dated:  May __, 2019

11

I have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, Assistant Federal Public Defender Jeffrey T. Bagley. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

JACOB TUNISON
Defendant
Dated: May ___, 2019

JEFFREY T. BAGLEY, ESQ.
Attorney for the Defendant
Dated: May ___, 2019

12