IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

     v.                                                                       19-CR-89-A

JACOB TUNISON,

          Defendant.
_____

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S OBJECTION TO PSR**

THE UNITED STATES OF AMERICA, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Wei Xiang, Assistant United States Attorney, of counsel, hereby files its response to the defendant's objection (Dkt. 16) to ¶ 43 of the Presentence Investigation Report (Dkt. 12).

The PSR correctly assesses the two-level enhancement under Guidelines § 2G2.1(b)(2)(A) (the offense involved sexual contact), resulting in a correctly calculated guideline range of imprisonment of 210 to 240 months. Given the seriousness of the offense and the defendant's criminal history, the defendant's request for a variance from this range should be denied.

      1.      <u>Application of Sexual Contact Enhancement</u>

Under Guidelines § 2G2.1(b)(2)(A), a two-level enhancement applies if the offense of conviction involved sexual contact. Sexual contact includes "the intentional touching,

either directly or through the clothing, of the … buttocks of any person with an intent to … arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3) (incorporated by § 2G2.1 cmt. n.2).  The defendant objects as a matter of law, that any touching did not occur in the course of his offense of conviction relating to child pornography.  Dkt. 16 p.2.

The defendant's objection incorrectly limits the scope of conduct that factors into his sentencing calculations.  Relevant conduct that determines the guideline range is broader than the baseline conduct that satisfies the elements of the offense of conviction.  Unless otherwise specified, specific offense characteristics such as Guidelines § 2G2.1(b)(2)(A) shall be determined on the basis of all acts committed by a defendant that occurred, inter alia, in preparation for the offense of conviction.  Guidelines § 1B1.3(a)(1).

Here, the defendant was initially arrested by criminal complaint for violating 18 U.S.C. § 2251(a) (production of child pornography).  He pleaded guilty to violating 18 U.S.C. § 2252A(a)(2)(A) (receipt of child pornography), but agreed, under Guidelines § 1B1.2(a), that his sentencing range shall be calculated as if he had been convicted of § 2251(a).  Dkt. 8 ¶ 9.  Thus, when determining the scope of relevant conduct under Guidelines § 1B1.3(a)(1), the offense of conviction is treated as production of child pornography.

In accordance with that scope, the following sequence of events outlines his relevant conduct:  On November 24, 2018, the defendant and the 13-year old female victim arranged to secretly meet in person, where, as the defendant wrote to her in advance, "Its just gonna

be a quick hug, kiss, and hand you the phone." Dkt. 8 ¶ 7(c)(i).  The hug-and-kiss ended up including the defendant grabbing the victim's buttocks.  PSR ¶ 28 (victim to defendant: "u knew grabbing my ass turns me on lol"), ¶ 29 (victim: "I've been horny all night from you grabbing my ass"; defendant:  "Nice.  Did you masturbate?").[1]  The next day, communicating to the victim through the cell phone that he had given to her, the defendant induced the victim to engage in lascivious exhibition of her genitals for the purpose of producing an image of such exhibition for him.  Dkt. 8 at ¶ 7(f)(v)-(vi).

Under these circumstances, the November 24 contact was relevant conduct as preparation in two respects.  First, giving the victim the cell phone was technical preparation in that it established the means of communication by which the offense conduct would later occur.  Second, the physical intimacy was emotional preparation (i.e., grooming) to strengthen the victim's dependence on the defendant, sexually arouse her, and make her more receptive to his requests to produce child pornography.  As part of this intentional grooming, the defendant grabbed the victim's buttocks.  This textbook example of sexual contact as defined by § 2246(3) and incorporated in § 2G2.1 cmt. n.2 means that the PSR correctly assesses the two-level enhancement under Guidelines § 2G2.1(b)(2)(A).

---

[1]  Although the defendant did not admit to this touching in the factual basis of his plea agreement, he also does not contest its factual occurrence in his objection.  Rather, his objection only disputes its legal significance.  See Dkt. 16 p.2.  Regardless, the quoted messages, in the context of the offense conduct, provide sufficient basis to find that it occurred.  The burden of proof for a disputed fact at sentencing is preponderance of the evidence.  United States v. Cordoba-Murgas, 233 F.3d 704, 708 (2d Cir. 2000).  The combination of the victim's statements and the defendant's adoptive admission of the victim's statement about the sexual contact in the cited messages more than meets this burden.

The sexual contact enhancement also applies for a different reason from that cited by the PSR.  In addition to intentional touching of the buttocks as discussed above, sexual contact includes "the intentional touching, either directly or through the clothing, of the genitalia … of any person with an intent to … arouse or gratify the sexual desire of any person."  § 2246(3).  A defendant's own masturbation constitutes sexual contact.  United States v. Dean, 591 F. App'x 11, 15 (2d Cir. 2014) (summary order) (quoting United States v. Pawlowski, 682 F.3d 205, 212-13 (3d Cir. 2012)); Pawlowski, 682 F.3d at 210, 212-13 (affirming application of sexual contact enhancement for defendant who transmitted his own masturbation via webcam to undercover officer posing as minor).

Here, the defendant told the victim to lasciviously exhibit her genitals to him at the same time that he updated her on the progress of his masturbation.  He began the offense conduct by telling the victim to "[m]ake me cum baby.  Take it slow though."  Dkt. 8 ¶ 7(f)(i); PSR ¶ 22.  As he instructed the victim on undressing and revealing more of herself to him, he encouraged her by sending her images of his contemporaneous masturbation, concluding with telling her, "Ya I came pretty good."  PSR ¶ 23.  He exploited the emotionally vulnerable victim's desire to please him, see PSR ¶ 22 (victim: "Yes daddy, what do you want me to do"), through his words and images of encouragement.[2]  Thus, whether because the defendant touched the victim in preparation for the offense conduct or because the defendant touched himself during the offense to induce the victim to continue to lasciviously exhibit herself to him, the sexual contact enhancement applies.

---

[2]    The effect of this exploitation persists.  According to the victim's impact statement, she blames herself for the defendant being in jail.  PSR p.30.

4

2.     Downward Variance Not Justified

The defendant appears to recognize that the sexual contact enhancement applies, as he devotes much of his objection to arguing that the Court should simply ignore it.  See Dkt. 16 pp.2-4.  While he claims to ask the Court to "disregard" the enhancement, id. at p.4, the government interprets his request as a variance from the range that is correctly calculated with the enhancement.  After all, variance, not "disregard", is the remedy discussed by his cited authority.  United States v. Dorvee, 616 F.3d 174, 188 (2d Cir. 2010) (quoting United States v. Cavera, 550 F.3d 180, 191 (2d Cir. 2008) (en banc)).  Furthermore, he invites the Court to commit procedural error if he asks the Court to simply "disregard" Guidelines § 2G2.1(b)(2)(A) when calculating the guideline range of 210 to 240 months.

No variance is merited.  First, the defendant exaggerates his "policy" grievance against Guidelines § 2G2.1(b)(2)(A).  Demonstrable sexual contact with minors indicates heightened dangerousness.  See Dorvee, 616 F.3d at 184 (vacating sentence as substantively unreasonable where "[appellant] appears to have been punished as though he already had, or would, sexually assault a child, despite medical testimony to the contrary and [his] lack of any such criminal history").  Section 2G2.1(b)(2)(A) appropriately adjusts upward to account for this.  The defendant's complaint that it does not distinguish between "someone who touches a buttocks once over clothing" and "someone who commits multiple statutory rapes", Dkt. 16 p.3, imposes upon § 2G2.1(b)(2)(A) work performed by other Guidelines provisions.  For example, § 2G2.1(b)(4) further enhances for violence.  Then § 2G2.1(d)(1) accounts for multiple victims, even those not cited in the count of conviction.  And § 4B1.5(b) adds five offense levels for a defendant who engaged in a pattern of activity

5

involving prohibited sexual conduct, even against a single victim. Lastly, a sentencing court is always free to vary upward where reasonable. Cavera, 550 F.3d at 194.

Furthermore, unlike in Dorvee, this defendant has previously sexually assaulted a child. In 2013, while 24 years old, he knowingly had sexual intercourse with, and thereby impregnated, a 16-year old female. PSR ¶ 61. Although such conduct violated New York Penal Law § 130.25(2) (rape in the third degree), a class E felony, local authorities arrested him for misdemeanors for acting in a manner injurious to a child less than 17. PSR ¶ 61. He pleaded guilty to the misdemeanors, receiving a sentence of conditional discharge. Id. The elements of that offense of conviction disqualify it from being a predicate for enhancing any sentence under 18 U.S.C. § 2251(e). See United States v. Sullivan, 797 F.3d 623, 640-41 (9th Cir. 2015); United States v. Davis, 751 F.3d 769, 774-76 (6th Cir. 2014). In formulating a substantively reasonable sentence, however, this Court would appropriately consider the defendant's underlying conduct for those misdemeanors. Gauging his dangerousness is not a matter of speculation, but of counting the minors whom he has exploited through sexual contact. Therefore, no sentence below the properly calculated range of 210 to 240 months is justified.

CONCLUSION

For the foregoing reasons, the Court should deny the defendant's objection (Dkt. 16) to ¶ 43 of the Presentence Investigation Report (Dkt. 12).

DATED: Buffalo, New York, September 27, 2019.

JAMES P. KENNEDY, JR.
United States Attorney

By: s/WEI XIANG
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, NY  14202
716/843-5806
Wei.Xiang@usdoj.gov