UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

UNITED STATES OF AMERICA

        v.

JACOB TUNISON,
                Defendant.
───────────────────────────────────

19-CR-89-RJA

**REPLY TO GOVERNMENT'S RESPONSE**

**I.**  **Touching of the self should not be considered "sexual contact," and in any event should not result in a 42-month increase to an already lengthy recommended sentence.**

The government cites an unpublished summary order from the Second Circuit for the proposition that the defendant's touching of him or herself can be considered "sexual contact" under § 2G2.1(b)(2)(A) leading to a three-and-half-year month increase to a defendant's recommended sentence that is already 168 months even before the government's claimed enhancement applies.

There is apparently no binding authority for this proposition. Accordingly, this Court need not follow it. And it should not. The basis for the unpublished opinion is a Third Circuit decision, *United States v. Pawlowski*, 682 F.3d 205, 212 (3d Cir. 2012). The decision seizes on an insignificant semantical difference between "of any person" in 18 U.S.C. § 2246(3) and "of another person" in 18 U.S.C. § 2246(2)(D). It is a construction only a law professor could love.

The *Pawlowski* panel finds significance in the fact that Congress defines a "sexual act" in 18 U.S.C. § 2246(2)(D) as the following:

> The intentional touching, **not through the clothing**, of the genitalia of another person **who has not attained the age of 16 years** with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

The definition at issue here, of "sexual contact" in 18 U.S.C. § 2246(3) provides:

> The term "sexual contact" means the intentional touching, **either directly or through the clothing**, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Because the first statute uses "another person" while the second uses "any person," the *Pawloski* panel formulaically concludes that Congress must have intended the distinction that the government advocates for. But the panel misses the forest through the trees: the obvious intent in crafting these two statutes was to draw a distinction between those who engage in sexual activity without clothing with victims under 16 and those who engage in over the clothing conduct with those over 16 – not to punish those who masturbate.

Nowhere in that decision does the panel address why a defendant's act of touching him or herself should lead to an enhancement. Understandably so, since there is no foundation for it in the Commission's or Congress's findings. Rather, a plain reading reveals that the Commission and Congress were concerned here with the increased victimization that results when the conduct involves unclothed sexual contact with an especially young victim.

Section 2G2.1 of the Guidelines, after all, deals exclusively with sex crimes involving sexual images. If "sexual contact" were meant to provide for an enhancement when a defendant masturbates in the course of his conduct, then it would apply in every case.

Finally, even if this Court finds that it applies, the conduct at issue here is even milder than a one-time, over-the-clothing buttocks touch. It does not even directly involve the victim. And it patently does not deserve a 42-month increase to a sentence that is already 168 months in duration.

## II.   That other guidelines also increase punishment for conduct punished by § 2G2.1(b)(2)(A) does not make it more rational, but less so.

Mr. Tunison argued that § 2G2.1(b)(2)(A) sweeps too broadly and fails to make important distinctions in severity of conduct. In response, the government posits that the defense has "impose[d] upon § 2G2.1(b)(2)(A) work performed by other Guidelines provisions." (Gov. Resp., at 5.) But this does not save the guideline; to the contrary, it further highlights that it is not the product of careful consideration. In essence, the government response simply points out that the guideline is, in addition to its other flaws, also redundant.

Further, contrary to the government's reckless assertion that the defense has invited the Court to commit procedural error, the Second Circuit has explicitly instructed lower courts that "*deference to the Guidelines is not absolute or even controlling.*" *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010). The Second Circuit went on to explain that the Guidelines "lack the force of law" and that "like our review of many agency determinations, the weight of such a judgment in a particular case will depend upon the thoroughness evident in the agency's consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Id.*

There is no "thoroughness evident in the determination," there is no "valid[]reasoning," to this agency's arbitrary determination that a one-time, over-the-clothing buttocks touch should lead to a 42-month (or 25%) increase to a sentence that is already 168 months in duration. It is well settled that "a district court may vary from the Guidelines range based solely on a policy

3

disagreement with the Guidelines, even where that disagreement applies to a wide class of offenders or offenses." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008). This Court plainly has the authority to disagree with this recommendation. Indeed, this Court is *encouraged* to take seriously the broad discretion it possesses with respect to application of this or any other guideline. *See Dorvee*, 616 F.3d at 188. Thus, it would in fact be procedural error to *not* consider the Court's authority to disagree this 42-month enhancement.

    **DATED**:  October 1, 2019, Buffalo, New York.

                                                                                Respectfully submitted,

                                                                                 **/s/Jeffrey T. Bagley**
                                                                                 Jeffrey T. Bagley
                                                                                 Assistant Federal Public Defender
                                                                                 Federal Public Defender's Office
                                                                                 300 Pear Street, Suite 200
                                                                                 Buffalo, New York 14202
                                                                                 (716) 551-3341; 551-3346 (fax)
                                                                                 jeffrey_bagley@fd.org
                                                                                 Attorney for *Jacob Tunison*

**TO:**    Wei Xiang
            Assistant United States Attorney
            Western District of New York
            138 Delaware Avenue, Federal Centre
            Buffalo, New York 14202